UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20553-CR-ZLOCH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

STANLEY A. SAFFAN
and
DUCHESS CHARTER
FISHING YACHT, INC.,

        Defendant(s).
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary order of forfeiture. Being fully advised in the premises and based on the motion of the United States and the record in this matter and for good cause shown thereby, the Court finds as follows with respect to forfeiture in this action as to **STANLEY S. SAFFAN and DUCHESS CHARTER FISHING YACHT, INC.** (hereinafter referred to as "defendants"):

1. In the Indictment, in the above-styled case, the government sought forfeiture of the defendants' interest in any property involved in or traceable to 16 U.S.C § 3372(a)(2)(A), (c)(1)-(2) and 3373(d)(1)(B) pursuant to 16 U.S.C § 3374(a)(2) and 28 U.S.C. § 2461(c),.

2. On February 21, 2008, the defendants pled guilty to counts thirteen and fourteen of the indictment [DE 227, 229], and agreed to the forfeiture of one 44.7' charter fishing boat, THERAPY-IV, Coast Guard Document No. 512718 as property traceable to a conspiracy to violate 16 U.S.C. § 3372(a)(2)(A), (c)(1)-(2) and 3373(d)(1)(B) 4.

Therefore, in consideration of the defendants' guilty plea and their respective agreement regarding the forfeiture, and upon motion of the United States and for good cause shown thereby, it is hereby:

**ORDERED** that:

1. All individual right, title, claim and interest of defendants **STANLEY S. SAFFAN** and **DUCHESS CHARTER FISHING YACHT, INC.** in one 44.7' charter fishing boat, THERAPY-IV, Coast Guard Document No. 512718, is hereby forfeited to the United States of America, pursuant to 16 U.S.C. § 3374(a)(2) and (b), as incorporated by 28 U.S.C. § 2461(c).

2. The United States Marshals Service, or any duly authorized law enforcement official, may take custody the property identified herein above as forfeited under this order pursuant to the procedures outlined at 21 U.S.C. § 853(g).

3. The United States shall cause to be published at least once, in a newspaper of general circulation, notice of this Order as required by 21 U.S.C. § 853(n). The United States shall state in the notice that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

4. The United States shall provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in

addition to the published notice.

5.   The United States is further authorized, pursuant to 21 U.S.C. § 853(m) and Fed. R. Crim. P. 32.2(c)(1), to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property ordered forfeited herein or in order to expedite ancillary proceedings related to any third party petitions claims filed with respect to the forfeited property.

6.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture is final as to the defendants' right, title and interest in the property and shall be made part of the sentence and included in the judgment.

7.   It is further **ORDERED** that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed. If no claims are filed within thirty (30) days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to 21 U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture, and the United States Marshals Service, or any duly authorized law enforcement officials, shall dispose of the forfeited property hereunder according to law.

**DONE AND ORDERED** at Fort Lauderdale, Florida on this 25th day of APRIL, 2008.

_____
WILLIAM J. ZLOCH
UNITED STATES DISTRICT JUDGE

cc:   AUSA Lornette Reynolds (2 certified copies)

3